PEB: USAO USAO2017R00781

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 JUN 21 PM 4:42
CLERK'S OFFICE
AT BALTIMORE
BY ___ DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**

**v.**

**GLEN RANGER,**

**Defendant.**

**CRIMINAL NO. RDB-18-0340**

**(Production of Child Pornography, 18 U.S.C. § 2251(a); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) & (b)(2); Forfeiture, 18 U.S.C. § 2253)**

## INDICTMENT

### COUNT ONE
(Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On a date unknown to the Grand Jury, but in the approximate timeframe of between in or about 2002 and in or about 2007, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a video depicting **GLEN RANGER** masturbating and performing oral sex on John Doe, a prepubescent male, said video having been stored on a VHS cassette tape.

18 U.S.C. § 2251(a)

**COUNT TWO**
(Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury, but in the approximate timeframe of between in or about 2002 and in or about 2007, in the District of Maryland, the defendant,

**GLEN RANGER,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, an image depicting the exposed penis of John Doe, a minor male, displayed in a lascivious manner, said image having been stored on a Fujifilm xD memory card, serial # 8si623ba443, made in Korea.

18 U.S.C. § 2251(a)

**COUNT THREE**
(Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury, but in the approximate timeframe of between in or about 2002 and in or about 2007, in the District of Maryland, the defendant,

**GLEN RANGER,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, an image depicting John Doe, a minor male, focused on John Doe's exposed penis, said image having been stored on a Fujifilm xD memory card, serial # 8si623ba443, made in Korea.

18 U.S.C. § 2251(a)

**COUNT FOUR**
(Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury, but in the approximate timeframe of between in or about 2002 and in or about 2007, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a video depicting **GLEN RANGER** engaging in sexually explicit conduct on John Doe, a prepubescent male, and John Doe performing oral sex and masturbation on **GLEN RANGER**, said video having been stored on a VHS cassette tape.

18 U.S.C. § 2251(a)

**COUNT FIVE**
(Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury, but in the approximate timeframe of between in or about 2002 and in or about 2007, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a video depicting **GLEN RANGER** engaging in sexually explicit conduct on John Doe, a prepubescent male, said video having been stored on a VHS cassette tape.

18 U.S.C. § 2251(a)

**COUNT SIX**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess an eMachines desktop computer, model T1120, serial #QLM2130001056, that contained a Seagate hard disk drive, model ST340810A, serial #100188744, made in China, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**COUNT SEVEN**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a Geek Squad flash drive, serial # BE0807NHDB, made in China, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## COUNT EIGHT

(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a Maxell flash drive, made in Taiwan, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**COUNT NINE**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a Maxell flash drive, made in Taiwan, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**COUNT TEN**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a Dane-Elec flash drive, made in the European Union, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**COUNT ELEVEN**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a Maxell flash drive, made in Taiwan, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**COUNT TWELVE**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On a date unknown to the Grand Jury but no later than May 2, 2014 and continuing through on or about March 13, 2018, in the District of Maryland, the defendant,

**GLEN RANGER,**

did knowingly possess and knowingly access with intent to view any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did possess a SanDisk flash drive, serial # SDCZ35002G, made in China, that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

**FORFEITURE**

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Counts One through Twelve of this Indictment are incorporated here.

2. As a result of the offenses set forth in Counts One through Twelve of the Indictment in this case, the defendant,

**GLEN RANGER,**

shall forfeit to the United States all property that was used and intended to be used to commit and to promote the commission of offenses in Counts One through Twelve, and any property traceable to such property, including but not limited to the following:

a. eMachines desktop computer Model T1120, serial # QLM2130001056;
b. Fujifilm XD Card, serial # 8si623ba443;
c. Geek Squad flash drive, serial # BE0807NHDB;
d. Three (3) Maxell flash drives;
e. Dane-Elec flash drive; and
f. SanDisk flash drive, serial # SDCZ35002G.

18 U.S.C. § 2253

Robert K. Hur / RB
Robert K. Hur
United States Attorney

A TRUE BILL

SIGNATURE REDACTED

Date: June 21, 2018